The Kantrow Law Group, PLLC
Attorneys for Gloria Allred
732 Smithtown Bypass, Suite 101
Smithtown, NY 11787
516 703 3672
fkantrow@thekantrowlawgroup.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

In re:

MICHAEL D. SCHIMEK,

                    Debtor.

Chapter 7

Case No. 24-10213-mg

----------------------------------------------------------------X

**CREDITOR'S APPLICATION SEEKING ENTRY OF AN ORDER
PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE TO AUTHORIZE THE SERVICE OF A SUBPOENA UPON THE
<u>DEBTOR TO APPEAR FOR ORAL DEPOSITION</u>**

TO:    HON. MARTIN GLENN
          CHIEF UNITED STATES BANKRUPTCY JUDGE

Gloria Allred, a creditor and party in interest in this chapter 7 bankruptcy case ("Allred"), by and through her attorneys, The Kantrow Law Group, PLLC, respectfully submits this as and for his application (the "Application") seeking the entry of an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the service of a subpoena upon Michael D. Shimek ("the Debtor") directing the appearance at an oral deposition, states as follows:

### BACKGROUND

1.    On February 8, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

2.    Upon review of the Debtor's petition and schedules, it appears the Debtor has not been employed for several years. His schedules stated that his sole source of funds is derived from contributions made by "the mother of debtor's children pays for debtor's living exp" (as stated on Schedule I of his bankruptcy petition). The amount disclosed was $2,553.00.

3. Debtor's Schedule J stated that he had two (2) dependents: a son – 11 years of age; and a daughter – 14 years of age. Schedule J did not disclose any other persons residing with the Debtor. Schedule J stated that the Debtor's monthly expenses totaled $2,553.00 or the exact amount scheduled by the Debtor on Schedule I.

4. Debtor's Schedule A/B indicated that as of the Petition Date, the Debtor owned no household goods and furnishings; only a phone and no other electronics; clothing with a value of $100; no jewelry of any kind; no cash on the Petition Date; a bank account at Chase Bank that was "closed" and no other assets. The Debtor resides at 220 Riverside Boulevard, Apartment 32A, New York, New York, which, upon information and belief, is a "Trump" building.

5. The Debtor testified during the course of the section 341(a) examination that he resides in the apartment with his children, and their mother, but did not want to identify the woman with whom he resides.

6. The Debtor's petition and schedules also disclosed that the Debtor's counsel received a payment in the amount of $2,616.00 and according to the Debtor's counsel's certification on Form 2030, the source of the compensation was the Debtor. That was "corrected" on the record such that counsel now avers that the source of the compensation was the Debtor's partner (although not by name). Subsequent to the section 341 meeting of creditors, an amended disclosure regarding compensation was filed which now stated that the source of compensation was the mother of the Debtor's children.

7. Allred seeks information from the Debtor so that she may test the veracity of the Debtor's sworn statements as set forth in his chapter 7 petition and schedules. As the Court is aware, the petition and schedules provide the gateway to creditors, the chapter 7 trustee, the Court and the United States Trustee, to determine whether a debtor is being honest and truthful in his

disclosure. The Debtor wants his creditors to believe that he is without assets and thus cannot satisfy their claims. Allred, as a creditor of the estate, is entitled to review this information and make a determination as to whether the Debtor is being truthful as only the honest, but unfortunate debtor, is entitled to a discharge. For these reasons, Allred seeks to take his oral deposition.

### RELIEF REQUESTED

8. By this Application, Allred seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto compelling the Witness to appear for an oral deposition.

9. Bankruptcy Rule 2004 provides, in pertinent part, as follows:

   (a) Examination on Motion. On Motion of any party in interest, the court may order the examination of any entity.

   (b) Scope of Examination. The examination of any entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [T]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired by the debtor for purposes of consummating a plan and the consideration given therefor, and any other matter relevant to the case or to the formulation of a plan.

   (c) Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

Fed. R. Bankr. P. 2004(a), (c), (d).

10. Examinations under Rule 2004 include within their scope, *inter alia,* any matter that may relate to the property and assets of the estate; the financial condition of the debtor; any matter that may affect the administration of a debtor's estate. *See,* Fed. R. Bankr. P. 2004(a), (c) and (d). Courts have consistently recognized that the scope of discovery under Bankruptcy Rule

2004 is extraordinarily broad. *See, e.g., In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993) (likening the scope of a Rule 2004 examination to a 'fishing expedition'); *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (holding that the scope of a Rule 2004 examination is "admittedly unfettered and broad". (citations omitted).

11. The discovery sought by this Application goes directly to the acts, conduct and administration of the Debtor's estate. Specifically, Allred seeks, *inter alia,* information relating to the Debtor's finances and debt. Accordingly, the requested discovery is directly related to the "acts, conduct or property or to the liabilities of the Debtor's estate" and is appropriate under Rule 2004.

**WHEREFORE,** Gloria Allred respectfully requests that this Court grant the Application in its entirety and enter an Order substantially in the form of the proposed Order annexed hereto and grant any such further relief as this Court deems just and proper under the facts and circumstances herein.

Dated: Smithtown, New York
March 14, 2024

                                 The Kantrow Law Group, PLLC
                                 Attorneys for Gloria Allred

BY:   S/Fred S. Kantrow
        Fred S. Kantrow
        732 Smithtown Bypass, Suite 101
        Smithtown, New York 11787
        516 703 3672
        fkantrow@thekantrowlawgroup.com