| | |
|---|---|
| Lieber & Lieber, LLP | Return Date: April 25, 2024 |
| 1 Great Neck, Road Suite 8 | Time:  10:00 am |
| Great Neck, NY 11021 | Objections Due: April 18, 2024 |
| Barbie D. Lieber, Esq. | |
| 212-949-5586 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                                              Chapter 13

MICHAEL D. SCHIMEK                                      Case No. 24-10213 (MG)
                                    Debtor.
-------------------------------------------------------x

**NOTICE OF MOTION OF LIEBER & LIEBER, LLP
FOR PERMISSION TO WITHDRAW AS COUNSEL
TO THE DEBTOR**

**PLEASE TAKE NOTICE**, that upon the annexed application of Lieber & Lieber, LLP (the "Firm"), dated April 3 2024, a hearing will be held before the Honorable Cecelia E.  Morris , United States Bankruptcy Judge at the United States Bankruptcy Court, Southern District of New York, **on April 25, 2024 at 10:00 a.m.**, or as soon thereafter as counsel can be heard (the "Hearing"), for entry of an order granting the motion (the "Motion") of the Firm seeking entry of an order authorizing the withdrawal of the Firm as counsel of record for Michael D. Schimek, the chapter 7 debtor consistent with, *inter alia*,  New York Rules of Professional Conduct, Rule 1.16(b)(3) which provides "a lawyer **shall** withdraw from the representation of a client when : . . . (3) the lawyer is discharged[.]", the terms of client's engagement of the Firm, and  pursuant to Rule 2090-1(e) of the Local Rules ; and granting the Firm such other and further relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that the Hearing will be held via zoom for government. Zoom for Government will be used and there is a requirement to make an eCourt Appearance for the hearing by 4 pm the business day before the Hearing.  Please

1

visit Judge Glenn's homepage for instructions about eCourts and Zoom, as well as other chambers rules of Judge Glenn, at https://www.nysb.uscourts.gov/content/chief-judge-martin-glenn  Further, the phone number of the clerk's office, including the customer service desk at the Bankruptcy Court for the SDNY is 212-668-2870.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief sought in the motion, must be in writing setting forth the facts and authorities upon which an objection is based, filed with the Clerk of the Court, United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408, with a copy to Chambers or as more fully set forth in the Chambers Rules of the Honorable Martin Glenn https://www.nysb.uscourts.gov/content/chief-judge-martin-glenn,  provided, however, that registered users should file objections in pdf format electronically following Electronic Case Filing Procedures as set forth on the court website at https://www.nysb.uscourts.gov/attorneys  and individuals appearing without lawyers may upload pdf documents at https://coop.nysb.uscourts.gov/prosefiles with the provisions set forth and served so as to be received by the movant, Lieber & Lieber, LLP, 1 Great Neck Road, Suite 8, Great Neck, NY 11021 no later than **April 18 , 2024 at  4 pm.**

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice except by announcement of such adjournment in open court on the date scheduled for the Hearing.

**DATED:**   New York, New York
April 3 , 2024

                                                     LIEBER & LIEBER, LLP
1 Great Neck Road, Suite 8
Great Neck, NY 11021

*/s/ Barbie D. Lieber*
Barbie D . Lieber

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                                              Chapter 13

MICHAEL D. SCHIMEK                                           Case No. 24-10213 (MG)
                                   Debtor.
-------------------------------------------------------x

**AFFIRMATION AND DECLARATION IN SUPPORT
OF MOTION TO WITHDRAW AS COUNSEL OF
RECORD**

  Barbie D. Lieber, Esq. of Lieber & Lieber, LLP (the "Firm"), chapter 7 counsel to the Debtor, files this affirmation in support of an order permitting the Firm to withdraw as counsel for Michael D. Schimek (the "Debtor") *nunc pro tunc* to April 2, 2024, (a) because the Firm has been discharged as per the executed Termination Letter between the Debtor and the Firm **attached hereto** (the "Termination Letter") , (b) in accordance with Rule 1.16 (b)(3): Declining or Terminating Representation Under the New York Rules of Professional Conduct, (c) because of the terms of the engagement letter between the parties, the relevant part of which is included in the Termination Letter, do not include Level 2 Services defined therein and (d) pursuant to sections 105(a) Rule 2090-1(e) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York and granting it such other and further relief as the Court deems just and proper, affirms and declares under penalty of perjury:

  1.  The Debtor filed chapter 13 on February 8, 2024. He is a lawyer, but unemployed. The Debtor lists *de minimis* assets on his schedules. Federal tax transcripts for 2021 and 2022 reveal he had no income for such years, and the Debtor submitted a signed affidavit notarized on March 11, 2024 indicating he was "unemployed since 2020," has "no paystubs for the last 60 days because [he has] not been employed." And given that,

3

he is not required to file tax returns for 2023 and as such, doesn't intend to.

**Debtor's Decision to Discharge the Firm Consistent with the Engagement Letter**

2. On April 1, 2024, the Debtor notified me that he wanted to take over and proceed with his bankruptcy case going forward *pro se* and discharge my Firm. Additionally, as set forth below, the terms of our engagement letter expressly exclude services in connection with motions, depositions and adversary proceedings. On April 2, 2024, I discussed with him at length, *inter alia*, the risks of proceeding *pro se* without retaining bankruptcy counsel.

3. On April 2, 2024, after our conversation, the Debtor countersigned a Termination letter that I prepared on April 1, 2024.

4. The Termination Letter provides the following:

> Termination of Lieber & Lieber, LLP (the "Firm") as bankruptcy counsel
> Michael Schimek
>
> Dear Michael:
>
> As you are aware, we entered into an engagement agreement dated as of February 6, 2024 (the "Bankruptcy Filing Engagement Agreement). The Bankruptcy Filing Engagement Agreement required that the Firm render Level 1 Services (as defined by that agreement). In accordance with the Level 1 services, I prepared and filed your bankruptcy petition and schedules, provided documents to the chapter 7 trustee, prepared you for and represented you during the section 341 meeting which is now closed, and the trustee filed her final report of no distribution. The Bankruptcy Filing Engagement Agreement specifically excludes Level 2 services which are defined as anything "which may arise in the case, including, but not limited to, representing you in matters requiring, negotiations with respect to, involving or responding to, (a) motion practice (including but not limited to motions to dismiss or seeking lifting of the automatic stay, objections to claims, or adversary proceedings (litigations/law suits including litigations to discharge student loans or any claims) and without limiting the generality of the foregoing, (b) any action or threatened action in connection with any foreclosure action, lifting of automatic stay, turnover of property and/or threatened sale of property or retention of broker, or you lease of your home (c) removal of liens, (d) complaints or threatened actions the challenging the dischargeability of certain debts (resulting from i.e., false pretenses or using false written statements regarding your financial condition to

4

>obtain a loan or credit), challenging your discharge (resulting from alleged fraudulent conduct, or non-disclosure of assets or the like or for any reason); and seeking to recover fraudulent conveyance or preferences, (e) adversary proceedings declaring that certain debts are dischargeable, (f) participation in loss mitigation settlement discussions or other services related to loss mitigation (g) the negotiation of any reaffirmation and redemption agreements and the filing of any motions seeking the redemption of any personal property and/or legal research;  (h) subsequent 341 meetings  (and attendance thereto) after the initial 341 meeting and 2004 examinations or other depositions; and  (i) written inquiries or Audit  by the trustee  or US trustee; and (j) any services relating to your personal injury claims (collectively, "Level 2 Services")."   With the exception of your limited engagement of our Firm to file an objection to the *ex parte* rule 2004 motions filed by Gloria Allred, you have not retained the Firm to represent you in any Level 2 capacity.
>
>You have decided to represent yourself *pro se* and not retain counsel in connection with all matters of your bankruptcy.  The Firm communicated to you the risks of proceeding *pro se* and you acknowledge that you understand same.  Accordingly, in accordance with the terms of the Bankruptcy Filing Engagement Agreement, as amended, you hereby agree (effective as of your return to me of the countersigned letter) that the relationship between you and Lieber & Lieber, LLP  is terminated and consent to any motion to withdraw.   You acknowledge that the Firm will not be rendering any further services on your behalf, including any further amendments to your schedules, petition and means test.    If the above reflects your complete understanding, please sign and return a counterpart of this letter. Best of luck.

5. A copy of the Termination Letter which includes the relevant portion of the engagement letter, is attached hereto.

**Discharge of Firm Invokes A Mandatory Withdrawal under NYRPC, Rule 1.16(b)(3)**

6. Local Bankruptcy Rule 2090-1(e) provides that  "[a]n attorney who has appeared as attorney of record may withdraw or be  replaced only by order of the Court for cause shown."

7. In considering whether "cause" exists, bankruptcy courts consider New York's Rules of Professional Conduct, N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (sometimes referred to below as the "NYRPC".)   See SEC v. Gibraltar Global Securities, No. 13 Civ. 2575 (GBD)(JCF), 2015 WL 2258173 at *2 (S.D.N.Y. May 8, 2015) (NYRPC

5

"governs the conduct of attorneys in federal courts sitting in New York as well as in New York state courts."); see also In re Bruno, 327 B.R. 104, 108 (Bankr. E.D.N.Y. 2005) ("Bankruptcy courts in New York apply New York's Code of Professional Responsibility to ethical disputes.") (citing Kittay v. Kornstein, 230 F.3d 531, 537 (2d Cir. 2000); Joseph Brenner Assocs., Inc. v. Starmaker Entm't, Inc., 82 F.3d 55, 57 (2d Cir. 1996) (Codes of Professional Responsibility provide guidance to courts in determining what constitutes "good cause" for granting a motion to withdraw as counsel.).

8. Rule 1.16(b) of the NYRPC governs mandatory withdrawals of counsel and states, in relevant part, that: "a lawyer **shall** withdraw from the representation of a client when : . . . (3) the lawyer is discharged[.]" See NYPRC, Rule 1.16(b)(3) (emphasis Added). (This is distinguished from Rule 1.16(c) of the NYRPC which governs permissive withdraws.) By the Termination Letter, the Debtor terminated his retention of the Firm on April 2, 2024 and pursuant to Rule 1.16(b), the Firm must withdraw from its representation of the Debtor, subject to order of the Court. When a client discharges a firm from its employment, and the firm accepts such discharge, the court should grant a motion to withdraw "except under the most compelling circumstances." See Figueroa v. City of New York, No. 11 CV 3160 (ARR), 2017 WL 9481013, at *1 (E.D.N.Y. Nov. 9, 2017) (quoting Casper v. Lew Lieberbaum & Co., Inc., No. 97 Civ. 3016 (JGK) (RLE), 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999). It is undisputed that the Debtor terminated the services of the Firm and that the Firm accepted that discharge. Even in cases where a debtor discharges a firm and then changes his or her mind, courts are reluctant to undo the termination and force the firm to continue to represent the debtors and in such cases have granted withdrawal motions.[1]

---

[1] see Casper 1999 WL 335334 at *4 ("The contract having been terminated, [clients'] offer to reestablish the

9. In addition to the foregoing, the engagement letter specifically excludes "Level 2 Services" as set forth and quoted in the Termination Letter, including but not limited to motion practice, deposition and adversary proceedings. This was expressly reviewed and discussed with the Debtor. The nature of my practice does not lend itself to be able to regularly render the services described as Level 2 Services (which are often time intensive) as I am a solo practitioner handling many chapter 7 and chapter 13 filings and need to serve all of my clients in a meaningful way. I also do not typically engage in bankruptcy litigation in chapter 7 cases and explain to all of my clients prior to filing them for bankruptcy as well as after (should circumstances arise) that they will need to obtain new counsel. Accordingly, in addition to the mandatory withdrawal under Rule 1.16 (c) of the NYRPC, the terms of the engagement letter (the relevant terms of which were quoted in the signed Termination Letter) do not cover Level 2 Services, including any deposition services (described below) reflecting further cause for my withdrawal.

## POSTURE OF THE CASE

10. Other than two creditors listed for notice purposes whose claims appear to be way past the statute of limitations, the Debtor's schedules list one general unsecured creditor, to wit Gloria Allred, related to a month to month tenancy of premises owned by Ms. Allred. The claim is listed as disputed as there is a New York Civil court case commenced in 2016 pending but stayed by the bankruptcy filing. The Debtor also lists a

---

attorney-client relationship must fail in the absence of acceptance by [counsel];" In re Scott Wiener, Case No. 18-13042(JLG) (Bankr S.D.NY 2019) (Judge Garrity, unpublished decision (p. 9) holding the debtor's termination "gave rise to an obligation on the part of the Firm to withdraw as Debtor's counsel. See NYRPC. Rule 1.16(b)(3)… As in Casper…the Debtor terminated the Firm's services and the Firm was required to seek to withdraw as Debtor's counsel. The Court cannot and will not compel the Firm to represent the Debtor."), citing Casper, SEC v. Gibralter, 2015 WL 2258173, at *2 (holding that client's discharge is a satisfactory reason for granting withdrawal motion; and citing Steele v. Bell No. 11 Civ. 9343 (RA), 2012 WL 6641491, at *2-3 (S.D.N.Y. December 19 2012) (same).

7

New York State Department of Finance tax claim for $7,484.

11. Deborah Piazza was appointed as chapter 7 trustee in this case and section 341 meeting was conducted March 13, 2024. Fred Kantrow, Esq, counsel to Ms. Allred, appeared and questioned the Debtor and thereafter, the Trustee closed the meeting and filed a final report. Thereafter, the Court granted 3 motions made under section 2004 filed by Ms. Allred against the Debtor (seeking a deposition) and on Ms. Weksler and Riverside Blvd LLC (seeking depositions and/or the production of documents), by Order of the Court but limited discovery so only joint accounts and not sole accounts in Ms. Weksler's are discoverable. Affidavits of Service as to service on the Debtor, Ms. Weksler and Riverside of the Court Order were filed on March 22, 2024. Ms. Allred is seeking to depose the Debtor. The time period to object to discharge is May 13, 2024. At this point, discovery is being sought as per Ms. Allred's March 22, 2024 service of the 2004 Orders. No adversary proceeding has been filed and the time to object to discharge is 1.5 months away and no motions have been filed. Should the Debtor seek to retain counsel, he can. He is also a lawyer and has chosen to take over the bankruptcy case from April 2, 2024 onward. *See Silva v. Perkins Mack Co.*, 622 A.2d 443, 444 (R.I. 1993) (permitting withdrawal (even in a case that involved permissive and not mandatory withdrawal) because the "case is clearly in the noncritical stage — the case has not yet proceeded beyond discovery"). So, given these facts, as the Debtor has discharged the Firm from its employment and the Firm has accepted the discharge and the engagement agreement also excludes services such as depositions and adversary proceedings and the Debtor can in the future retain other counsel, your affirmant submits that there is no material adverse effect and respectfully requests that the Court grant the Firm's motion to withdraw.

12. In the Memorandum Decision and Order In re Scott Wiener, Case No. 18-

8

13042 (June 21, 2019) in granting the motion to withdraw of counsel that had been discharged, despite objections of the debtor who changed his mind, the court recognized:

> In cases like this one, where the Court has determined that the Firm's continued representation of the Debtor will run afoul of NYRPC Rule 1.16(b), matters of judicial economy take a back seat to the Rules of Professional Conduct, and counsel may be permitted to withdraw irrespective of the of the impact on the litigation. "Considerations of judicial economy weigh heavily in favor of our giving district judges wide latitude in these situations, but there are some instances in which an attorney representing a plaintiff in a civil case might have to withdraw even at the cost of significant interference with the trial court's management of its calendar." Id. at 321 (noting that if the Rules of Professional Conduct mandate that an attorney withdraw as counsel, "by denying a counsel's motion to withdraw, even on the eve of trial, a court would be forcing an attorney to violate ethical duties and possibly to be subject to sanctions."). See also Awolesi v. Shinseki, 31 F. Supp. 3d at 538 ("Even where a local court rule requires a court order to withdraw, 'when counsel has been discharged—and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances.'") (quoting Casper, 1999 WL 335334, at *4)) Scott White page 9.

13. In the Sixth Circuit's decision in Brandon v. Blech, 560 F.3 d 536 (6th Cir. 2009), the Court noted, "while these rules stop short of guaranteeing a right to withdraw, they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied." Id. at 538.

**WHEREFORE**, the Firm respectfully requests that this Court enter an order: permitting it to withdraw as counsel of record consistent with the terms of the Termination Letter and *nunc pro tunc* to April 2, 2024 and granting it such other and further relief as the Court deems just and proper

**DATED:** New York, New York
April 3, 2024

                                                **LIEBER & LIEBER, LLP**

1 Great Neck Road
Suite 8
Great Neck, NY 11021
By: /S/ *Barbie D. Lieber*
      Barbie D. Lieber (BDL-5891)