Lieber & Lieber, LLP<br>
1 Great Neck, Road, Suite 8<br>
New York, New York 10165<br>
Tel.  (212) 949-5586<br>
Barbie@lieberlegal.com

April 1, 2024
Michael Schimek
220 Riverside Blvd
Apartment 32A
New York NY 10069

<u>Termination of  Lieber & Lieber, LLP (the "Firm") as bankruptcy counsel Michael Schimek</u>

Dear Michael:

As you are aware, we entered into an engagement agreement dated as of  February 6, 2024 (the "Bankruptcy Filing Engagement Agreement).  The Bankruptcy Filing Engagement Agreement required that the Firm render Level 1 Services (as defined by that agreement). In accordance with the Level 1 services, I prepared and filed your bankruptcy petition and schedules, provided documents to the chapter 7 trustee, prepared you for and represented you during the section 341 meeting which is now closed and the trustee filed her final report of no distribution.    The Bankruptcy Filing Engagement  Agreement specifically excludes Level 2 services  which are defined as anything   "which may arise in the case, including, but not limited to, representing you in matters requiring, negotiations with respect to,  involving or responding to, (a) motion practice (including but not limited to motions to dismiss or seeking lifting of the automatic stay, objections to claims, or adversary proceedings (litigations/law suits including litigations to discharge student loans or any claims) and without limiting the generality of the foregoing,  (b) any action or threatened action in connection with any foreclosure action, lifting of automatic stay, turnover of property and/or threatened sale of property or retention of broker, or you lease of your home (c) removal of liens, (d) complaints or threatened actions  the challenging the dischargeability of certain debts (resulting from i.e., false pretenses or using false written statements regarding your financial condition to obtain a loan or credit), challenging your discharge (resulting from alleged fraudulent conduct, or non-disclosure of assets or the like or for any reason); and seeking to recover fraudulent conveyance or preferences, (e) adversary proceedings declaring that certain debts are dischargeable, (f) participation in loss mitigation settlement discussions or other services related to loss mitigation (g) the negotiation of any reaffirmation and redemption agreements and the filing of any motions seeking the redemption of any personal property and/or legal research;  (h) subsequent 341 meetings  (and attendance thereto) after the initial 341 meeting and 2004 examinations or other depositions; and  (i) written inquiries or Audit  by the trustee  or US trustee; and (j) any services relating to your personal injury claims (collectively, "Level 2 Services")."   With the exception of your limited engagement of our Firm to file an objection to the *ex parte* rule 2004 motions filed by Gloria Allred, you have not retained the Firm to represent you in any Level 2 capacity.

You have decided to represent yourself *pro se* and not retain counsel in connection with all matters of your bankruptcy.  The Firm communicated to you the risks of proceeding *pro se* and you acknowledge that you understand same.  Accordingly, in accordance with the terms of the Bankruptcy Filing Engagement Agreement, as amended, you hereby agree (effective as of your return to me of the countersigned letter) that the relationship between you and  Lieber & Lieber, LLP  is terminated and consent to any motion to withdraw.   You acknowledge that the Firm will not be rendering any further services on your behalf, including any further amendments to your

schedules, petition and means test.  If the above reflects your complete understanding, please sign and return a counterpart of his letter. Best of luck.

Very truly yours,

Barbie D. Lieber

AGREED AND CONSENTED TO:

_____
Michael Schimek