The Kantrow Law Group, PLLC
Attorneys for Gloria Allred
732 Smithtown Bypass, Suite 101
Smithtown, NY 11787
516 703 3672
fkantrow@thekantrowlawgroup.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                                                              Chapter 7

MICHAEL D. SCHIMEK,                                                        Case No. 24-10213-mg

                Debtor.
-----------------------------------------------------------------X
GLORIA ALLRED,

                Plaintiff,
                                                    Adv. Pro. No. 24-

   -against-

MICHAEL D. SCHIMEK,

                Defendant.
-----------------------------------------------------------------X

**COMPLAINT TO DENY DEBTOR'S DISCHARGE
PURSUANT TO 11 U.S.C. § 727**

Gloria Allred, a creditor and party in interest in this chapter 7 bankruptcy case (the "Plaintiff"), by and through her attorneys, The Kantrow Law Group, PLLC, respectfully submits this as and for his complaint (the "Complaint") against Michael D. Schimek, the debtor and the defendant (the "Debtor" and/or the "Defendant") seeking a determination that this Debtor should not be granted a discharge pursuant to section 727(a)(2)(A), 727(a)(3), 727(a)(4)(A) and 727(a)(5) of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and states as follows:

**THE PARTIES**

1.      Gloria Allred is a creditor of the Debtor's estate and the Plaintiff herein.

2.      Michael D. Schimek is the Debtor in the chapter 7 case and the Defendant herein.

**JURISDICTIONAL PREDICATE**

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(1) and (2)(I) and (J).

4. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Southern District of New York and is a "core proceeding" as the term is defined in 28 U.S.C. §157(a), (b)(1), (b)(2)(I) and (J); 11 U.S.C. §105, 727(a)(2)(A), 727(a)(3), 727(a)(4)(A) and 727(a)(5) and Bankruptcy Rules 7001 *et. seq.*

5. In the event that this Court determines that this cause of action, alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

## STATEMENT OF FACTS

6. The Debtor filed a voluntary petition pursuant to chapter 7 of the Bankruptcy Code on February 8, 2024, (the "Petition Date").

7. Upon the Petition Date, the Court set May 13, 2024, as the last day by which the Trustee could commence an action pursuant to section 72 of the Bankruptcy Code.

8. Upon information and belief, and based upon a review of publicly available documents, the Defendant is an attorney admitted to practice law in the State of New York. Upon information and belief, the Defendant is not currently employed and is a "stay-at-home" dad.

9. The Defendant currently resides with his two minor children as well as the mother of his children, Lisa Weksler ("Weksler") in an apartment located at 220 Riverside Boulevard, Apartment 32A, New York, New York (the "Residence").

10. The Defendant, represented by experienced bankruptcy counsel, filed a voluntary petition for relief pursuant to chapter 7 and filed a petition and schedules, sworn to under penalty of perjury.

11. The Defendant testified to the truth of the statements contained in the petition and schedules at a section 341 meeting of creditors conducted by Deborah Piazza, Esq., the trustee (the "Trustee") conducted on March 13, 2024.

12. The Defendant stated in Schedule A/B of his chapter 7 petition at question no. 6 that he owned no household goods and furnishings.

13. The Defendant stated in Schedule A/B of his chapter 7 petition at question no. 7 that the only electronics he owned was a phone.

14. The Defendant stated in Schedule A/B of his chapter 7 petition at question no. 11 that he owned clothes with a value of $100.00.

15. The Defendant stated in Schedule A/B of his chapter 7 petition at question no. 12 that he owned no jewelry.

16. The Defendant stated in Schedule A/B of his chapter 7 petition at question no. 16 that he had no cash on the Petition Date.

17. The Defendant stated in Schedule A/B of his chapter 7 petition at question no. 17 that he had a bank account at Chase and further stated "[T]his account may have been closed as debtor is unable to gain access but is being listed for precuationary [sic] measures  The account only had at most about $300."

18. The Defendant stated in Schedule A/B of his chapter 7 petition at question no. 22 that he had no security deposits.

19. The Defendant stated in Schedule A/B of his chapter 7 petition at question no. 27 that he held no licenses.

20. The Defendant stated in Schedule G of his chapter 7 petition that he had no executory contracts or unexpired leases.

21. The Defendant stated in Schedule I of his petition that he is unemployed and that there was no "Debtor 2 or non-filing spouse."

22. The Defendant stated in Schedule I at question no. 8h that he receives the sum of $2,553.00 per month from "the mother of debtor's children pays for debtor's living exp [sic]."

23. The Defendant stated in Schedule J at question no. 2 that he had two dependents, to wit: an eleven year old son and a fourteen year old daughter.

24. The Defendant stated in Schedule J at question no. 6d that he incurred a monthly expense in the amount of $75.00 in connection with a bill for a phone.

25. The Defendant stated in Schedule J at question no. 7 that he incurred a monthly expense in the amount of $700.00 in connection with food and housekeeping expenses.

26. The Defendant stated in Schedule J at question no. 9 that he incurred a monthly expense in the amount of $200.00 for clothing, laundry and dry cleaning.

27. The Defendant stated in Schedule J at question no. 10 that he incurred a monthly expense in the amount of $200.00 for personal care products and services.

28. The Defendant stated in Schedule J at question no. 11 that he incurred a monthly expense in the amount of $100.00 for medical and dental expenses.

29. The Defendant stated in Schedule J at question no. 12 that he incurred a monthly expense in the amount of $200.00 for transportation expenses.

30. The Defendant stated in Schedule J at question no. 13 that he incurred a monthly expense in the amount of $100.00 for entertainment, clubs, recreation, newspapers, magazines and books.

31. The Defendant stated in Schedule J at question no. 15b that he incurred a monthly expense in the amount of $978.00 for health insurance.

32. The Defendant stated in Schedule J at question no. 23b that his monthly expenses totaled $2,553.00 or the exact amount of the income reported on Schedule I.

33. The Defendant's petition included his counsel's statement pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, that she was paid the sum of $2,615.00 in connection with representing the Defendant in the bankruptcy case. Defendant's counsel further disclosed the source of compensation paid to her was from the Defendant.

34. The Defendant's Official Form 122A-1 (Chapter 7 Statement of Your Current Monthly Income) (the "Means Test") stated no presumption of abuse.

35. The Defendant's Means Test stated a household size of "3."

36. The Defendant's Means Test stated zero income from any source.

37. The Defendant's Meant Test at question no. 4 which requires disclosure of "all amounts from any source which are regularly paid for household expenses of you or your dependents, including child support" which also demands that the Defendant disclose "regular contributions from an unmarried partner" stated zero.

38. The Defendant's Mean Test "Column B" is blank.

39. After testifying at the section 341 meeting of creditors, the Defendant filed amended schedules with the Court.

40. The Defendant's Amended Schedule A/B was amended to disclose a balance in the Chase account of $1,075.81.

41. The Defendant's disclosure in Schedule I is facially inconsistent with the Defendant's disclosure in the Means Test.

42. The Defendant's Means Test does not accurately set forth the number of persons residing in the household.

43.    The Defendant's Means Test fails to disclose household income and therefore is false.

44.    While the word "household" is not defined in the Bankruptcy Code, the Court should look to the meaning which is made plain from the statutory language.

45.    Whether the Court adopts the "heads on beds" approach; the "IRS Dependency" approach or the "Economic Unit Approach" the Defendant's Means Test is false.

## AS AND FOR THE FIRST CAUSE OF ACTION

46.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "45" as if each were more fully set forth herein.

47.    Section 727(a)(2)(A) of the Bankruptcy Code provides that the Court shall grant a discharge unless, the debtor, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed or has permitted to be transferred, removed, destroyed, mutilated or concealed property of the debtor, within one year before the date of the filing of the petition.

48.    The Defendant's actions of shielding his income via his non-filing partner who funds all of the Defendant's expenses, is inconsistent with the Bankruptcy Code and pursuant to section 727(a)(2)(A) of the Bankruptcy Code, is grounds to deny his discharge.

49.    As a result, the Defendant's discharge must be denied pursuant to Section 727(a)(2)(A) of the Bankruptcy Code.

## AS AND FOR THE SECOND CAUSE OF ACTION

50.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "49" as if each were more fully set forth herein.

51. Pursuant to section 727(a)(3) of the Bankruptcy Code, the court shall grant the debtor a discharge, unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained unless such act or failure to act was justified under all of the circumstances of the case.

52. By failing to disclose accurate information on his petition and schedules as set forth herein, the Defendant concealed information relating to his financial condition.

53. Accordingly, the Defendant's discharge must be denied pursuant to section 727(a)(3) of the Bankruptcy Code.

## AS AND FOR THE THIRD CAUSE OF ACTION

54. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "53" as if each were more fully set forth herein.

55. Section 727(a)(4)(A) of the Bankruptcy Code provides that the Court shall grant a discharge unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.

56. The Defendant signed the petition and schedules and swore to the truthfulness and completeness of the information contained therein. Moreover, the Defendant was entitled to amend his petition and schedules during the proceedings and did amend certain of his schedules but not all of them.

57. The Defendant failed to truthfully disclose his assets.

58. The Defendant's petition and schedules contain materially false and misleading statements.

59. The Defendant made a false oath or account each time he swore to the truthfulness of his petition and schedules.

60. Accordingly, the Defendant's discharge must be denied pursuant to section 727(a)(4)(A) of the Bankruptcy Code.

### AS AND FOR THE FOURTH CAUSE OF ACTION

61. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "60" as if each were more fully set forth herein.

62. Pursuant to section 727(a)(5) of the Bankruptcy Code, the court shall grant the debtor a discharge, unless the debtor has failed to explain satisfactorily, before the determination of denial of discharge under this paragraph, any loss of assets or deficiency of asset to meet the debtor's liabilities.

63. The Defendant's non-filing "partner" supports the Defendant and the family. Had the Defendant accurately disclosed the "household" income in his chapter 7 petition and schedules he would not have qualified for chapter 7 relief and creditors would be entitled to a distribution in chapter 13.

64. The Defendant failed to explain satisfactorily any loss of assets or deficiency of asset to meet the Defendant's liabilities by failing to accurately disclose the Defendant's household income as required.

65. Accordingly, the Defendant's discharge must be denied pursuant to section 727(a)(5) of the Bankruptcy Code.

WHEREFORE, Gloria Allred respectfully seeks entry of judgment against Defendant denying discharge for the reasons set forth herein together with such other and further relief this Court deems just and proper under the facts and circumstances herein.

Dated: Smithtown, New York
      April 4, 2024

                                    The Kantrow Law Group, PLLC
                                    Attorneys for Gloria Allred

BY:    S/Fred S. Kantrow
         Fred S. Kantrow
         732 Smithtown Bypass, Suite 101
         Smithtown, New York 11787
         516 703 3672
         fkantrow@thekantrowlawgroup.com